UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-6326 PA (RAOx) | Date | May 9, 2016 |
|---|---|---|---|
| Title | Jon Astor-White v. Daniel Strong, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

    Before the Court is a Motion for Attorneys' Fees filed by defendants Daniel Strong, Lee Daniels, Imagine Television, LLC, and Twentieth Century Fox Film Corp. (collectively "Defendants") (Docket No. 31). Defendants seek an award of attorneys' fees and costs after successfully moving to dismiss the First Amended Complaint ("FAC") filed by plaintiff Jon Astor-White ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for May 9, 2016, is vacated, and the matter taken off calendar.

**I.  Factual and Procedural Background**

    Plaintiff filed the FAC as a matter of right while he was appearing pro se, but retained counsel prior to responding to Defendants' Motion to Dismiss. Defendants are the producers and creators of the television series "Empire." In the FAC, Plaintiff alleged that "Empire" infringed his treatment for "King Solomon," which describes a concept for a television series centered on the story of a recording industry mogul and his family. The treatment, which is attached as an exhibit to the FAC, consists of one page of "suggested" actors for the key roles and little more than three pages describing the characters, their relationships, and some of the plot of the proposed television series. The FAC alleged that he faxed the treatment to his friend Nick Tulli in 2007, and, also in 2007 to the actor Richard Roundtree and Mr. Roundtree's manager. Mr. Roundtree's manager later told Plaintiff that Mr. Roundtree did not want to commit to the project. Plaintiff later created a website that listed "King Solomon" as a project he was developing. That website did not provide any details about "King Solomon." Plaintiff also alleged that he met Terrence Howard, who stars in "Empire," at an event in 2012. Plaintiff did not allege that he discussed "King Solomon" with Mr. Howard.

    According to the treatment, the main character is King Solomon. King, who was educated at Harvard, started a small record label with one female singer and turned that into a billion dollar business with numerous subsidiaries. King's first wife died suddenly and he then married his childhood sweetheart Janet. Janet and King's three children are 20-year-old Jenny, an aspiring actress, Jack, age 25, who has a college degree in business administration, and Joe, who is 23. Joe recently dropped out of college against his father's wishes to start a career as a hip hop artist with a Mafia-backed record company run by King's rival Jim Diamond. Plaintiff's treatment describes King's plans to host a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6326 PA (RAOx) | Date | May 9, 2016 |
|---|---|---|---|
| Title | Jon Astor-White v. Daniel Strong, et al. | | |

birthday party for his daughter Jenny. Those plans are disrupted when King's half-brother Jake, who was just released from prison after serving a 20-year sentence for drug possession, arrives and threatens to reveal a secret he and King share. Jake has a teenaged daughter who is strung out on drugs and involved in prostitution.

The treatment says that actual recording artists will appear in each episode to perform their hits or introduce new material. "King Solomon" is set in Hollywood and, provides "an inside look into the billion dollar record business, through the eyes of a wealthy black family, struggling to balance family and business." Plaintiff's treatment describes "King Solomon" as having "the style and elegance of 'Dynasty' meets 'The Sopranos' with a sprink[l]ing of 'The Godfather' . . . ."

"Empire" chronicles the struggle of Lucious Lyon, a rapper and former drug dealer who is now a music mogul. Lucious is diagnosed with a fatal disease in the show's premiere. "Empire" centers around Empire Entertainment, a privately held music and entertainment empire, which Lucious started with his ex-wife, Cookie. Cookie was recently released from prison after serving a 17-year sentence on drug charges. Lucious, Cookie, and their three sons—Andre, a married businessman with bipolar disorder, Jamal, a gay singer rejected by the homophobic Lucious, and Hakeem, a talented but unfocused rapper—fight for future control over Empire Entertainment.

"Empire" takes place in present day New York City. Each episode includes the performance of original pop and hip hop songs. These songs are usually performed by the show's characters, including Jamal, Hakeem, and Hakeem's love interest Tiana, all of whom are Empire Entertainment artists. Defendants compare the shifting alliances within Lucious' family to Shakespeare's "King Lear" and prime-time television soap operas like Dynasty and Dallas, which "explored wealth, sex, intrigue, and power struggles within wealthy, powerful families."

The FAC alleged a single claim for copyright infringement. In granting Defendants' Motion to Dismiss, and dismissing the action without leave to amend, the Court concluded that Plaintiff alleged no facts supporting even an inference that Defendants had direct access to his treatment. Nor did the FAC allege facts that the treatment was widely disseminated. In fact, the only plausible inference to draw from the FAC's allegations was that the treatment was not widely disseminated and that the facts alleged in the FAC were inconsistent with even a "bare possibility," let alone a "reasonable possibility," that Defendants had access to the treatment. Art Attacks Ink, LLC v.MGA Entm't Ins., 581 F.3d 1138, 1143 (9th Cir. 2009). Additionally, after conducting an objective extrinsic analysis of the two works, the Court concluded that Plaintiff's treatment and "Empire" were not substantially similar in their protectable elements. See, e.g., Berkic v. Crichton, 761 F.2d 1289, 1293 (9th Cir. 1985). Because Plaintiff's treatment was the sole basis for his infringement claim, and that treatment is not substantially similar to "Empire," the Court concluded that any amendment would be futile.

Defendants have now moved for an award of their attorneys' fees of $52,795.50 and costs of $1,217.85 as the prevailing parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6326 PA (RAOx) | Date | May 9, 2016 |
|---|---|---|---|
| Title | Jon Astor-White v. Daniel Strong, et al. | | |

**II.    Legal Standard - Attorneys' Fees Award Under 17 U.S.C. § 505**

Under the Copyright Act of 1976, a district court has the discretion to award "a reasonable attorneys' fee to the prevailing party." 17 U.S.C. § 505. "District courts have two tasks in applying § 505: first, deciding whether an award of attorneys' fees is appropriate and, second, calculating the amount of the award." Cadkin v. Loose, 569 F.3d 1142, 1147 (9th Cir. 2009).

The propriety of issuing an attorneys' fees award first turns on whether the requesting party in fact prevailed on the copyright claim; a district court's discretion to award attorneys' fees under the Copyright Act is only triggered once there is a "prevailing" party. Id. To be a "prevailing" party, a litigant must obtain a "material alteration of the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001). A dismissal with prejudice constitutes such a "material alteration." See e.g., Cadkin, 569 F.3d at 1150 ("[A] defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court.").

Next, the Court must determine whether it should exercise its discretion to grant an award of attorneys' fees to the prevailing party. No precise formula governs the exercise of this discretion. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S. Ct. 1023, 1033, 127 L. Ed. 2d 455 (1994). However, the Supreme Court has approved a nonexclusive list of factors, which includes "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at n.19. (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986); see also Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 890 (9th Cir. 1996) (identifying as factors to consider in deciding whether to award the prevailing party in a copyright action its attorneys' fees: (1) degree of success obtained; (2) objective reasonableness of factual and legal arguments; (3) frivolousness; (4) motivation; and (5) need to advance considerations of compensation and deterrence). In applying these factors, the court must remain "faithful to the purposes of the Copyright Act," which was intended to discourage infringement and enrich the public through access to creative works. Fogerty, 510 U.S. at 534 n.19, 114 S. Ct. at 1033.

**III.    Analysis**

Defendants argue that each of the five relevant factors weigh in their favor: (1) Defendants achieved complete success on Plaintiff's copyright infringement claim; (2) Plaintiff's copyright claim was objectively unreasonable; (3) Plaintiff's copyright claim was frivolous; (4) Plaintiff acted with improper motives in filing and prosecuting a meritless copyright claim; and (5) an award of fees would advance considerations of compensation and deterrence. In his Opposition, Plaintiff does not dispute that Defendants are the prevailing parties and achieved complete success, but does dispute that the remaining factors justify an award of attorneys' fees and costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6326 PA (RAOx) | Date | May 9, 2016 |
|---|---|---|---|
| Title | Jon Astor-White v. Daniel Strong, et al. | | |

      The Court concluded that Plaintiff did not, and could not, allege sufficient facts to state a viable copyright infringement claim, both because Plaintiff failed to allege facts plausibly suggesting that Defendants had access to his treatment, and because, at most, his treatment and "Empire" shared unprotectable ideas and <u>scene a faire</u> elements derived from those common ideas, rather than elements protected by the Copyright Act.  While these common ideas were not sufficient as a matter of law to support a copyright infringement claim, particularly in light of Plaintiff's failure to allege facts in support of Defendants' access to his treatment, that abstract level of commonality negates, at least to a limited extent, the frivolousness and objective unreasonableness of Plaintiff's claim.  The Court therefore concludes that these factors provide only a moderate level of support for an award of attorneys' fees and costs.

      Although Plaintiff's claim was legally and factually insufficient, there is no evidence that he pursued this action in bad faith.  Instead, it appears that Plaintiff simply erroneously thought his copyright infringement claim was much stronger than it actually was, and prosecuted this action in a sincere, but misguided, belief that Defendants had infringed his intellectual property rights.  <u>See</u> <u>Halicki Films, LLC v. Sanderson Sales & Mktg.</u>, 547 F.3d 1213, 1230 (9th Cir. 2008) (affirming denial of award of attorneys' fees where, among other factors, "Plaintiffs' motivation in bringing the claims was to protect an interest that they believed was theirs").  The Court therefore concludes that this factor weighs against an award of attorneys' fees and costs.

      Finally, Defendants contend that an award of attorneys' fees and costs will further the purposes of the Copyright Act by deterring future meritless claims.  In support of this argument, Defendants state that Plaintiff's action is one of six actions accusing Defendants of copying "Empire."  According to Defendant, an order requiring Plaintiff to pay its defense costs will deter other potential plaintiffs from bringing similar actions.  This Court has no way to assess if any of those other actions have merit, and is reluctant to force Plaintiff to pay an award of attorneys' fees and costs simply because others have also accused these same Defendants of infringing their work.  <u>See</u> <u>Ets-Hokin v. Skyy Spirits, Inc.</u>, 323 F.3d 763, 766 (9th Cir. 2003) (allowing district courts to consider "whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff").  The Court therefore concludes that this factor does not support an award of attorneys' fees and costs.

### Conclusion

      Based on the foregoing, the Court finds that while some of the factors could support an award of attorneys' fees and costs, not all of the factors do so.  In looking at the particular facts of this action, and considering the totality of the factors, the Court exercises its discretion to deny Defendants' Motion for Attorneys' Fees and Costs.

      IT IS SO ORDERED.