UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6326 PA (RAOx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | Jon Astor-White v. Daniel William Strong, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss filed by defendants Daniel Strong, Lee Daniels, Imagine Television, LLC, and Twentieth Century Fox Film Corporation (collectively "Defendants") (Docket No. 78). Defendants challenge the sufficiency of the Third Amended Complaint ("3rd AC") filed by plaintiff Jon Astor-White ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 17, 2019, is vacated, and the matter taken off calendar.

Plaintiff filed a First Amended Complaint ("1st AC") for copyright infringement as a matter of right while he was appearing pro se. Plaintiff later retained counsel who filed an opposition to the Motion to Dismiss that Defendants filed challenging the sufficiency of the 1st AC. After concluding that Plaintiff had failed to allege sufficient facts that his treatment for a television series he titled "King Solomon" was substantially or strikingly similar to the television series "Empire" that Defendants created and produce, and that Plaintiff had also failed to plausibly allege that Defendants ever had access to Plaintiff's treatment, the Court dismissed the action without leave to amend. On appeal, the Ninth Circuit affirmed this Court's determination that Plaintiff's 1st AC failed to allege striking similarity, or that the two works were substantially similar and that Defendants had access to Plaintiff's work. Two members of the Ninth Circuit's panel concluded, however, that this Court erred in depriving Plaintiff of an opportunity to amend his 1st AC. The third member of the Ninth Circuit's panel expressed her concern "that the majority's failure to apply the extrinsic test will create confusion for the parties and the district court on remand," noted that "[b]oth works were before the district court (as they are now before us) for review," and observed that "the majority does not engage with how or why the district court should come to a different conclusion regarding unlawful appropriation the second time around, nor do I think it could." Astor-White v. Strong, 733 F. App'x 407, 412 (9th Cir. 2018) (Nguyen, J., concurring in part and dissenting in part).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6326 PA (RAOx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | Jon Astor-White v. Daniel William Strong, et al. | | |

Following the issuance of the Ninth Circuit's mandate, this Court set a date for Plaintiff and his new counsel to file the 2nd AC.  Although the 2nd AC was drafted by counsel, the 2nd AC's substantive allegations were remarkably similar to those that both this Court and the Ninth Circuit previously concluded had failed to state a viable claim for copyright infringement.  As in the 1st AC, the 2nd AC still alleged that Plaintiff only shared his treatment with three individuals, including the actor Richard Roundtree.  While the 2nd AC included new allegations concerning connections between Mr. Roundtree and defendants, including that Mr. Roundtree appeared on a different television program in which Mr. Daniels was involved in 2016, after the premiere of Empire in 2015, those new allegations did not plausibly allege that Defendants had access to "King Solomon" when they created "Empire."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

The 2nd AC also added three new alleged similarities between the two works:  (1) comparing "King's youngest child" who "gets caught-up in the fast life" and dates an older man with "Lucious's youngest child, Hakeem," who "becomes consumed by fame and wealth, and dates an older woman"; (2) both works have characters who are the unexpected children of main characters; and (3) both works have important events, a party in "King Solomon" and a corporate board meeting in "Empire," that are "crashed" by characters with secrets or leverage over the main characters.  (2nd AC at ¶¶ 13(8), 13(14), & 13(24).)  In granting Defendants' Motion to Dismiss the 2nd AC, the Court concluded that these purported similarities, whether analyzed separately, collectively, or in combination with the alleged similarities that both this Court and the Ninth Circuit concluded were insufficient to state a viable claim for copyright infringement, did not cure the deficiencies the Court identified in its March 28, 2016 minute order granting Defendants' Motion to Dismiss the 1st AC.  The Court did, however, grant Plaintiff's request for further leave to amend should the Court grant the Motion to Dismiss the 2nd AC.

After the Court dismissed the 2nd AC with leave to amend, Plaintiff's second set of attorneys requested to withdraw and Plaintiff's third counsel substituted into the action.  After the Court granted Plaintiff's third counsel's request for additional time to "review this matter in the required depth and draft a proper Third Amended Complaint," Plaintiff's third counsel filed the 3rd AC.  Defendants again challenge the sufficiency of Plaintiff's allegations and seek dismissal of the 3rd AC without leave to amend.  In support of Defendants' Motion to Dismiss, Defendants requested that the Court take judicial notice of a "red-line" document they prepared comparing the 2nd AC to the 3rd AC.  (See Docket Nos. 79 & 80.)  Defendants later submitted a red-line comparing the Opposition Plaintiff's second counsel submitted to the Motion to Dismiss the 2nd AC to the Opposition Plaintiff's third counsel submitted to the Motion to Dismiss the 3rd AC.  Plaintiff has not objected to Defendants' Request for Judicial Notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6326 PA (RAOx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | Jon Astor-White v. Daniel William Strong, et al. | | |

Despite the change in Plaintiff's counsel, the 3rd AC, which is strikingly similar to the 2nd AC, repeats verbatim nearly all of the substantive allegations contained in the 2nd AC. Comparing the 3rd AC to the 2nd AC reveals that although Plaintiff has added a small number of legal conclusions, Plaintiff has not alleged any new or different material well-pleaded facts. The few minor changes are largely stylistic. This continues the pattern the Court noted when it determined that the 2nd AC did not cure any of the 1st AC's deficiencies or add any new outcome-altering material allegations. For the same reasons this Court concluded that the 1st AC and 2nd AC failed to state a viable copyright infringement claim against Defendants, the 3rd AC also fails to state a viable claim for copyright infringement.[1/] Specifically, in applying the extrinsic test, the Court concludes that the 3rd AC does not allege sufficient similarities between the protectable elements of the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events in the two works. See Benay v. Warner Bros. Entm't, Inc., 607 F.3d 620, 624 (9th Cir. 2010). In recently affirming the granting of a motion to dismiss in a similar copyright infringement action, the Ninth Circuit has confirmed that, in the appropriate circumstances, a district court may make this determination at the pleading stage. See Esplanade Prods., Inc. v. Walt Disney Co., No. 17-56775, 2019 WL 1787533 (9th Cir. Apr. 24, 2019).

Plaintiff's repeated failures to allege plausible allegations that Defendants had access to his treatment are particularly telling. Importantly, despite Plaintiff's attempts to include allegations suggesting a possibility that Mr. Roundtree was the conduit through which Defendants could have obtained a copy of Plaintiff's treatment, Plaintiff also alleges that he is friends with Mr. Roundtree. (3rd AC at ¶ 25.) Despite this friendship "over the years," Plaintiff has apparently not attempted to obtain additional details from Mr. Roundtree despite the Court's numerous orders detailing Plaintiff's prior insufficient and implausible access allegations. The 3rd AC's access allegations remain implausible and the 3rd AC's allegations of similarities continue to fall significantly short of the "strikingly similar" standard that might allow Plaintiff to benefit from an inference of copying. See Unicolors, Inc. v. Urban Outfitters, Inc., 853 F.3d 980, 985 (9th Cir. 2017) ("If there is no evidence of access, a 'striking similarity' between the works may allow an inference of copying."). Nor are the two works substantially or strikingly similar under the extrinsic test. Plaintiff's 3rd AC therefore fails to state a viable claim for copyright infringement.

For all of these reasons, and for the reasons explained in the Court's March 28, 2016 minute order dismissing the 1st AC and March 6, 2019 minute order dismissing the 2nd AC, the

---

[1/] Rather than repeat the analysis contained in the Court's prior March 28, 2016 and March 6, 2019 minute orders, the Court instead incorporates the legal standards and analysis from those orders and applies it to the 3rd AC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6326 PA (RAOx) | Date | June 14, 2019 |
|---|---|---|---|
| Title | Jon Astor-White v. Daniel William Strong, et al. | | |

Court concludes that the 3rd AC does not allege a viable copyright infringement claim against Defendants. Plaintiff has not requested further leave to amend. Additionally, the minimal revisions Plaintiff made in filing the 2nd AC and 3rd AC confirm that further leave to amend is futile. Both this Court and all three members of the Ninth Circuit's panel concluded that Plaintiff's 1st AC failed to state a viable copyright infringement claim. Despite two additional opportunities to cure those deficiencies, Plaintiff and two separate teams of counsel have been unable to do so. As a result, the Court concludes that further leave to amend would be futile. The Court therefore dismisses the 3rd AC without leave to amend and dismisses this action with prejudice. The Court will issue a Judgment consistent with this Order.

    IT IS SO ORDERED.